# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DELMARIO LAMAR SMITH,<br><br>             Plaintiff,<br><br>v.<br><br>JUDGE JAY N. CONLEY, DISTRICT ATTORNEY EDWARD BURKE, and DEPUTY NICHOLAS SCHOOL,<br><br>             Defendants. | Case No. 18-CV-1697-JPS<br><br>**ORDER** |

      Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his civil rights. (Docket #1). Along with his complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Plaintiff was assessed and has paid an initial partial filing fee of $9.80. This matter comes before the court for screening of the complaint.

      The Prison Litigation Reform Act requires federal courts to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

      To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need

not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of*

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that on February 21, 2018, he was stopped by a police officer at a gas station and arrested for a "minor" parole violation. (Docket #1 at 2). The officer confiscated Plaintiff's cash, two cell phones, and a set of earrings. *Id.* About three days later, while Plaintiff was still in custody, he learned that Defendants Edward Burke ("Burke"), the local district attorney, and Nicholas School ("School"), a police officer, had seized the property as evidence of possible drug trafficking. *Id*. at 2–3. Burke obtained a search warrant for the cell phones. *Id*. at 3. Plaintiff was also notified that the seized property was subject to forfeiture, under Wis. Stat. § 961.55(1)(f), because it was "realized through the commission of any crime." *Id*. About two weeks later, on March 13, 2018, Plaintiff's parole was revoked stemming from the February 21 arrest. *Id*.

On July 17, 2018, Plaintiff asked for return of his property under the state forfeiture statute. *Id*.; *see also* Wis. Stat. § 961.555(6). Defendant Jay N. Conley ("Judge Conley"), the assigned circuit judge, set a hearing for September 10, 2018. *Id*. at 3–4. At the hearing, Judge Conley gave Burke thirty days to gather evidence in support of his position in the forfeiture action. *Id* at 4. On October 4, 2018, Burke dismissed the forfeiture action. *Id*. Plaintiff thereafter wrote to Burke and "the courts" several times to retrieve his property but his efforts have been thus far unsuccessful. *Id*.

On these facts, Plaintiff states that he is pursuing a Fourth Amendment claim against the "Oconto Wisconsin Courts" for issuing a search warrant for his cell phone without probable case. This is presumably directed at Judge Conley. Judges, however, are entitled to absolute

immunity for their judicial conduct. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Issuing a search warrant is a prime example of "judicial conduct." Judge Conley is thus immune from Plaintiff's claim.

Next, Plaintiff states that "slander by the D.A." caused his parole revocation and seizure of his property. Plaintiff does not provide facts explaining what he means by "slander," but to the extent he is claiming that the allegations regarding his parole violation are false, those claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (barring any suit under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (concluding that *Heck* applies to parole revocations). On March 13, 2018, a hearing officer revoked Plaintiff's parole based on a determination that the allegations regarding Plaintiff's parole violation had merit. Plaintiff, therefore, cannot proceed with a claim in federal court that the allegations were false without first showing that his parole revocation has been overturned. *See Pruitt v. Green*, No. 16 C 11544, 2018 WL 3546743, at *3 (N.D. Ill. July 24, 2018). Plaintiff has not alleged that the revocation has been overturned, so he may not proceed on the "slander" claim.

Finally, Plaintiff seeks return of his seized property. The Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XVI. "[U]sually . . . the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). The United States Supreme Court, however, has drawn an exception to this general rule for "random and unauthorized" deprivations

of property. *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)); *see also Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804–05 (7th Cir. 2010).

A deprivation of property is "random and unauthorized" if it is unpredictable, meaning the government cannot predict when or if a deprivation will occur prior to the moment of deprivation. *Zinermon*, 494 U.S. at 127. "Random and unauthorized" deprivations of property are cured with post-deprivation remedies in state court. *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). When the government provides adequate post-deprivation remedies, "the requirements of due process are satisfied[,] and the plaintiff may not maintain a § 1983 suit in federal court." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 383 (7th Cir. 1988) (citing *Parratt*, 451 U.S. at 543–44).

Wisconsin Statutes section 968.20 governs the return of seized property. Once "all proceedings and investigations in which [the property] might be required have been complete," a plaintiff "may apply for its return to the circuit court for the county in which the property was seized." *See* Wis. Stat. § 968.20(1)(b). "[T]he court shall order such notice as it deems adequate to be given the district attorney and, . . . all persons who have or may have an interest in the property." *See* Wis. Stats. § 968.20(1g). The court "shall hold a hearing to hear all claims to its true ownership." *See id.*

Plaintiff can seek return of his property under Section 968.20. The text of Section 968.20 specifically provides for notice and hearing to determine the proper disposition of seized property. Therefore, plaintiff has adequate post-deprivation remedies under Wisconsin law to seek return of his property, and he cannot maintain a Fourteenth Amendment claim seeking the same relief.

Plaintiff makes no particular claims against School, but it appears that he would assert the same claims as he did against Burke: "slander" and return of property. These claims would lack merit for the same reasons stated above. Having disposed of each of Plaintiff's claims, the Court will dismiss this action for failure to state any claims upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge